NOT FOR PUBLICATION                                                                            CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKLYN RAFAEL GONZALEZ-RAMIREZ,<br><br>    Petitioner,<br><br>v.<br><br>JANET NAPOLITANO, et al.,<br><br>    Respondents. | Civil No.: 12-2978 (JLL)<br><br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Franklyn Rafael Gonzalez-Ramirez's ("Petitioner")  petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Petitioner claims that: (1) he is being unlawfully held in custody as a result of an erroneous interpretation of the mandatory detention provision contained in § 236(c) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1226(c), and (2) that such mandatory detention violates his due process rights because Respondents[1] have, to date, failed to sustain the charges of

---

[1] Respondents ask the Court to dismiss the Petition as to all Respondents except Orlando Rodriguez—the warden of the Elizabeth Detention Center and Petitioner's immediate custodian. The Court agrees that, pursuant to Rumsfeld v. Padilla, the only proper respondent to a petition for a writ of habeas corpus is the warden of the facility where the prisoner is being held.  542 U.S. 426, 434-435 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]' " and noting that "that there is generally only one proper respondent to a given prisoner's habeas petition.").  Accordingly, the instant petition for writ of habeas corpus is dismissed without prejudice as to all Respondents except the warden of the Elizabeth Detention Center, Orlando Rodriguez.

deportability.  Petitioner does <u>not</u> challenge the reasonableness of the length of his detention.[2]  Having carefully considered the submissions made in support of and in opposition to the instant petition, the instant Petition for a writ of habeas corpus is **granted in part**

## BACKGROUND

Petitioner, a citizen and native of the Dominican Republic, has been a legal permanent resident since February 7, 1982.  On November 26, 2008, Petitioner was convicted of attempted criminal sale of a controlled substance in the third degree (cocaine) in violation of Section 110/220.39 of the New York State Penal Law. (Vasilio Decl., ¶ 4); (Answer, Ex. C).  He was sentenced to five years' probation. (<u>Id.</u>).  Petitioner was never incarcerated as a result of this conviction.

A Notice to Appear was issued by the Department of Homeland Security ("DHS") on January 3, 2012.  (Petition, Ex. 1).  Petitioner was detained by Immigration and Customs Enforcement ("ICE") on March 14, 2012 pursuant to an administrative warrant. (<u>Id.</u>, ¶ 5).  Petitioner received a custody hearing before an Immigration Judge in Elizabeth, New Jersey on April 12, 2012. (<u>Id.</u>, ¶ 6).  The matter was adjourned so that additional evidence regarding Petitioner's conviction could be gathered and submitted. (<u>Id.</u>).  On May 7, 2012, the Immigration Judge conducted a hearing and arguments were held on the issue of Petitioner's removability. (<u>Id.</u>, ¶ 7).  Based on Petitioner's challenge to the conviction record, the matter was again adjourned so that additional evidence could be submitted. (<u>Id.</u>).  On June 6, 2012, the Immigration Judge conducted a final hearing and heard oral

---

[2] <u>See</u> <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221, 235 (3d Cir. 2011) (finding pre-removal detention of nearly three years unconstitutional); <u>see</u> generally  <u>Zadvydas v. Davis</u>, 533 U.S. 678, 689 (2001).

arguments on the issue of Petitioner's removability. (Id., ¶ 9). On June 20, 2012, the Immigration Judge held a custody re-determination hearing and determined that Petitioner was subject to mandatory detention under section 236(c) of the INA as a result of his 2008 conviction. (Id., ¶ 10). Notably, an alien detained under this section is ineligible for release on bond.

On June 25, 2012, the Immigration Judge issued a written decision finding that Petitioner is removable as an aggravated felon. (Id., ¶ 11). The Immigration Judge adjourned the matter and scheduled a follow up hearing for July 16, 2012. (Id., ¶ 12). The Government, on behalf of the Respondents, represents that the July 16, 2012 hearing has been rescheduled for August 1, 2012. (Gov. Br. at 11).

The instant petition for a writ of habeas corpus was filed with this Court on May 17, 2012. Petitioner claims that he is not subject to mandatory detention pursuant to section 236(c) of the INA for two reasons: (1) because he was neither incarcerated nor detained as a result of his 2008 conviction; therefore he was never "released" as required by section 236(c); and (2) even if he had been "released" from any criminal custody related to his 2008 conviction, he was not detained immediately after his release from criminal custody, as required by the statute. Petitioner also argues, generally, that his continued detention violates his due process rights because ICE has failed to sustain the charges of deportability.

**DISCUSSION**

**A.     Jurisdiction**

This Court's jurisdiction over the instant petition for writ of habeas corpus is premised on 28 U.S.C. § 2241(c)(3). See, e.g., Demore v. Kim, 538 U.S. 510, 517 (2003) (determining that

3

"federal courts have jurisdiction to review a constitutional challenge to § 1226(c)"). Neither side has taken issue with this. Therefore, the Court will exercise its subject matter jurisdiction over the Petition.[3]

**B.     Exhaustion of Remedies**

Petitioner concedes that he has failed to exhaust his administrative remedies inasmuch as he has not appealed Immigration Judge's determination that he is subject to mandatory detention pursuant to section 236(c) of the INA. Nevertheless, Petitioner argues that such requirement – to the extent it exists in this case – is excusable when such exhaustion would be futile or where the agency has predetermined the issue. The Court agrees that, in light of the BIA's decision in Matter of Rojas, any attempt to appeal the Immigration Judge's determination in this regard to the BIA would be futile at this time. See, e.g., Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n. 2 (3d Cir. 2005). Accordingly, the Court will proceed to the merits of the instant Petition.

**C.     REAL ID Act**

Petitioner argues, generally, that his mandatory detention "violates due process under the United States Constitution because ICE has maintained custody while failing to provide clear and convincing evidence to sustain the allegation and charges of deportability, as required by the INA, and Petitioner has not admitted to the criminal allegation or charges contained in the Notice to Appear." (Pet. Br. at 18).

Respondents have taken the position that the Court lacks subject matter jurisdiction over this claim inasmuch as it challenges Petitioner's ongoing removal proceedings and/or the Immigration

---

[3] See generally Velasquez v. Reno, 37 F. Supp. 2d 663, 669 (D.N.J.1999) (finding that "8 U.S.C. § 1226(e) has not stripped this court of jurisdiction to review petitioner's claims under 28 U.S.C. § 2241.").

Judge's finding of removability. In particular, the Government argues that "[t]o the extent that [Petitioner] seeks judicial review of the immigration judge's determination that he was convicted of an aggravated felony and a controlled substance violation under the INA, and is thus subject to mandatory detention, the central question presented by this argument is intrinsically linked to the finding that [Petitioner] is removable from the United States." (Gov. Br. at 45).

      This Court agrees. Although Petitioner attempts to couch this argument in the guise of a challenge to his ongoing detention, the Court finds that the crux of this claim effectively challenges the merits of the Immigration Judge's June 25, 2012 finding that Petitioner is removable. He challenges the documentation submitted by Respondents to the Immigration Judge during the May 7, 2012 removal hearing. He argues that "said documents give no indication as to what section of the New York Penal Law Petitioner was allegedly convicted under, such that he would be removable from the United States." The findings made by the Immigration Judge concerning such documentation form the very basis for his removability. Thus, this Court lacks jurisdiction over any claims challenging these findings pursuant to the REAL ID Act. See 8 U.S.C. § 1252(a)(5) (stating "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, ...."); Lazo v. Gonzales, 462 F.3d 53, 54 (2d Cir. 2006) (stating that under 8 U.S.C. § 1101(a)(47)(A), a finding of removability by the IJ is effectively an order of removal). Petitioner must raise any claims challenging his removal to the BIA or the appropriate Court of Appeals.

**D.     Mandatory Detention**

The sole issue remaining before the Court is whether Petitioner is subject to mandatory detention pursuant to INA § 236(c), 8 U.S.C. § 1226(c) (and, therefore, not entitled to a bond hearing).

Section 1226(a) authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a). Except as provided in § 1226(c), the Attorney General may release the alien on "bond of at least $1,500." 8 U.S.C. § 1226(a)(1)(A).

By contrast, INA § 236(c), codified at 8 U.S.C. § 1226(c), mandates detention of specified criminal aliens, without bond, during removal proceedings. It provides:

> The Attorney General shall take into custody any alien who —
>
> (A)     is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B)     is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C)     is deportable under section 1227(a)(2)(A)(I) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
>
> (D)     is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> ***when the alien is released***, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c) (emphasis added).

Petitioner maintains that he is being held under the incorrect statute for two separate reasons. First, because he was never incarcerated or detained in state custody as a result of his 2008 conviction; therefore he was never "released" as required by section 236(c). Second, because ICE did not detain him immediately after his release from criminal custody, as required by the statute.

### 1. Incarceration Argument

Petitioner argues that he was not "released" within the language of the statute because he was never placed in physical custody following his conviction. In response, the Government argues that Petitioner had been detained in pre-conviction custody and that pre-conviction custody is sufficient to require mandatory detention under section 236(c). (Gov. Br. at 13-14).

Even assuming, arguendo, that the Government were correct in its assertion that pre-conviction custody is sufficient to require mandatory detention under section 236(c) of the INA—a finding that this Court does not make—it remains undisputed that there was a gap of nearly four years between the alleged pre-conviction detention (which would have occurred prior to November 2008) and the date on which he was detained by ICE (March 2012). Thus, the Court would still have to address Petitioner's second argument—namely, whether he is being held under the wrong statute by virtue of the fact that he was not detained immediately after his release from criminal custody.

### 2. Timing Argument

Petitioner argues that in order for the Government to detain an alien under section 236(c), it must do so at the time the alien is released from criminal custody. It is undisputed that the only time Petitioner was arguably held in custody in connection with his November 2008 conviction

would have occurred prior to said conviction.[4]  Because there was a four-year gap between his "release" from custody, Petitioner contends that section 236(c) is inapplicable, and section 236(a)(1), which provides for a bond hearing, is controlling.

Respondents do not dispute that there was a gap of nearly four (4) years from the date on which Petitioner was allegedly "released" from pre-conviction custody and the date on which he was detained by ICE.  Rather, relying on a Board of Immigration Appeals decision— In re Rojas,[5]—Respondents argue that the proper interpretation permits ICE to take an alien into custody at any time after the alien is released from criminal custody and not strictly at the moment of release.  Thus, Respondents urge the Court to defer to the BIA's recent interpretation of the relevant language under the formulation set forth by the Supreme Court in Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837 (1984).[6]

---

[4] The record contains insufficient evidence concerning Petitioner's alleged pre-conviction detention for the Court to make any definitive findings on the issue.

[5] 23 I. & N. Dec. 117 (BIA 2001) (finding that "respondent is subject to mandatory detention pursuant to section 236(c) of the Act, despite the fact that he was not taken into Service custody immediately upon his release from state custody.").

[6] In Chevron, the Supreme Court established a two-step framework for reviewing an administrative agency's interpretation of a statute. Id. at 842-43.  Under step one, the Court must consider "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id.  "At this first step the court should 'try to determine congressional intent using traditional tools of statutory construction,' and looking at 'the language and the structure of the Act as a whole.' " Garcia, 615 F. Supp. 2d at 182 (quotations omitted).  If, however, "the statute is silent or ambiguous with respect to the specific issue," then the Court must proceed to step two and determine whether the agency's determination is reasonable, that is, whether it is "based on a permissible construction of the statute." Chevron, 467 U.S. at 843.

The Third Circuit has yet to rule on this issue.[7] The majority of the courts within this district that have addressed this issue have held that the "when the alien is released" language requires the Government to act <u>immediately</u> upon Petitioner's release from criminal custody and, when it does not, the Petitioner is properly considered to be held under section 236(a) of the INA, which entitles the petitioner to a bond hearing. See, e.g., <u>Kot v. Elwood</u>, No. 12–1720, 2012 WL 1565438, at *8 (D.N.J. May 2, 2012) (granting petitioner a writ of habeas corpus where there was a twelve-year gap between his release from incarceration and the time he was detained by the Department of Homeland Security); <u>Nunez v. Elwood</u>, No. 11–4029, 2012 WL 1183701, at *3 (D.N.J. Apr. 9, 2012); <u>Christie v. Elwood</u>, No. 11-7070, 2012 WL 266454, at *9 (D.N.J. Jan. 30, 2012) (granting petitioner a writ of habeas corpus when the Department of Homeland Security detained him twelve years after his release from criminal incarceration); <u>Parfait v. Holder</u>, No. 11–4877, 2011 WL 4829391, at *9 (D.N.J. Oct. 11, 2011) (granting petitioner a writ of habeas corpus when he was detained two and a half years after release from criminal custody); <u>Beckford v. Aviles</u>, No. 10-2035, 2011 WL 3515933, at *9 (D.N.J. Aug. 9, 2011) (granting petitioner a writ of habeas corpus when his detention occurred two and a half years after his release from incarceration); <u>Sylvain v. Holder</u>, No. 11-3006, 2011 WL 2580506, at *7 (D.N.J. June 28, 2011) (granting petitioner a writ of habeas corpus where there was a four-year gap between his release from incarceration and the time he was detained). At least one other Circuit to have weighed in on this issue also agrees that 'when released' imposes an immediacy requirement on the government. See, e.g., <u>Saysana v. Gillen</u>, 590 F.3d 7, 13-16 (1st Cir. 2009) (finding "when released" language unambiguous and noting, albeit in a different context,

---

[7] It appears that this precise issue is currently pending before the Third Circuit in <u>Sylvain v. Holder</u>, C.A. No. 11–3357, (3d Cir. docketed Aug. 31, 2011) (appeal by DHS), and <u>Desrosiers v. Hendricks</u>, C.A. No. 12–1053 (3d Cir. docketed Jan. 11, 2012) (appeal by petitioner).

that "[t]he statutory language embodies the judgment of Congress that such an individual should not be returned to the community pending disposition of his removal proceedings.").[8]

The Government nevertheless urges the Court to find ambiguity in this language. In particular, the Government would have the Court defer to the BIA's recent interpretation from the In re Rojas decision, under the Chevron framework. Chevron, 467 U.S. at 842-43.

Having carefully considered the parties' positions, this Court finds that the plain language of the statute is unambiguous.[9] In particular, this Court "rejects the argument that 'when' means 'after.'" Sylvain, 2011 WL 2580506, at *7; Nunez, 2012 WL 1183701, at *3 ("The Court finds that 'when . . . released' means 'immediately' and not 'any time after' release"). This Court holds that Congress clearly intended to give the Attorney General the authority of mandatory detention under § 1226(c)(1) only if the government takes the alien into custody immediately when the alien is released from custody resulting from one of the offenses enumerated in § 1226(c). Because the Attorney General did not take Petitioner into custody when he was released from state custody—pre-conviction or otherwise—Petitioner is not subject to mandatory detention under section 236(c) of the INA, 8 U.S.C. § 1226(c). Instead, Petitioner's pre-removal-period detention is governed by

---

[8] The Court recognizes the recent decision by the Court of Appeals for the Fourth Circuit, Hosh v. Lucero, 680 F.3d 375, 380 (4th Cir. 2012). In Hosh, the Fourth Circuit found the language at issue in this case to be ambiguous and concluded that the BIA's determination that criminal aliens are subject to mandatory detention, despite not having been detained immediately upon release from state custody, was based on a permissible construction of section 236(c) of the INA. Absent a directive from the Third Circuit, the Court respectfully declines to adopt the Hosh holding and will instead follow the reasoning utilized by the First Circuit in Saysana, 590 F.3d at 13-16.

[9] This Court has previously found this same language unambiguous in a different context. See Hyung Woo Park v. Hendricks, No. 09-4909, 2009 WL 3818084, at *5 (D.N.J. Nov. 12, 2009) (finding the "when the alien is released" language unambiguous and noting that it is clear from the face of the statute that Congress intended that there would be a nexus between the two qualifying factors under § 1226(c): (1) the underlying offense, and (2) release from custody).

section 236(a) of the INA, 8 U.S.C. § 1226(a), which authorizes the Immigration Judge to release him on bond.

## **CONCLUSION**

Based on the reasons set forth above, the Court grants the instant Petition for a writ of habeas corpus. An Immigration Judge shall provide Petitioner with an individualized bond hearing within fourteen (14) days from the date of entry of this Court's corresponding Order to determine whether, and under what conditions, Petitioner may be released from custody pending the conclusion of the removal proceedings against him. An appropriate Order accompanies this Opinion.

DATED: July 30, 2012                                  s/ Jose L. Linares
                                                              United States District Judge